UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>TROY THOMAS WHEELER,<br><br>　　Defendant. | Case No. 1:21-cr-00158-DCN-3<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Troy Wheeler's Motion for Clarification of Time Served. Dkt. 200. Upon review, and for the reasons set forth below, the Court GRANTS in PART and DENIES in PART Wheeler's Motion.

## II. BACKGROUND

On June 15, 2021, a federal grand jury returned a two-count indictment charging Wheeler with Conspiracy to Distribute Controlled Substances and Conspiracy to Commit Money Laundering. Dkt. 1.[1] Wheeler committed the instance offenses while incarcerated and serving an Idaho state sentence. *See* Dkt. 179, at 2.

At his arraignment on August 4, 2021, Wheeler waived his right to be remanded into federal custody pending the resolution of the charges against him. Dkt. 34.

On May 30, 2023, Wheeler pled guilty to Count One of the Superseding Indictment.

---

[1] A Superseding Indictment was later filed alleging the same crimes. Dkt. 65.

MEMORANDUM DECISION AND ORDER - 1

Dkt. 148.

On September 11, 2023, the Court sentenced Wheeler to 86 months imprisonment. Dkts. 186, 187. The Court ordered that this federal sentence run concurrently with Wheeler's state sentence. Dkt. 187, at 2. The Court also ordered that Wheeler be given credit for all time served in federal custody. *Id*.

On July 8, 2024, Wheeler filed a Motion for Clarification on Time Served. Dkt. 200. Therein, Wheeler recounts that the Court ordered his sentence run concurrent to his state sentence and that he be given credit for time served. But then he alleges that the Bureau of Prisons ("BOP") "did not honor [the Court's] order." *Id*. at 1. Wheeler claims the Court should give him credit from August 6, 2021, moving forward. *Id*.[2]

### III. ANALYSYS

To begin, Wheeler is correct regarding what the Court imposed at sentencing: 1) that his federal sentence run concurrent to his state sentence; and 2) that he receive credit for all time in federal custody. He asserts, however, that BOP has not calculated his time correctly and that he should be given credit beginning on August 6, 2021, instead of September 11, 2023, when the Court imposed sentence.

August 6, 2021, is not a particularly significant date in this case. However, it is close to the time of his arraignment (August 4, 2021). Thus, the Court assumes Wheeler is asking for credit from the time he was arraigned on these federal charges.

---

[2] Wheeler also provided an update to the Court on his progress while incarcerated. Dkt. 200, at 2. He explains he has completed several programs and is bettering himself. He states he is "sick of living" a criminal life and that the Court "cut him a break" and gave him an opportunity to improve. *Id*. The Court commends Wheeler for his hard work and dedication to improving himself and encourages him to stay the course.

MEMORANDUM DECISION AND ORDER - 2

The problem with this argument, however, is Wheeler waived his right to be taken into federal custody at that time.[3] Dkt. 34. Because of this, Wheeler could not receive credit towards any federal sentence for that period of incarceration.

Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(b), preclude the application of credit for time that has been credited against another sentence. Also, Program Statement 5880.28, Sentence Computation manual (CCCA of 1984), and the provisions of Title 18 U.S.C. § 3585(a), explain that the earliest possible date a sentence can commence is the date on which it is imposed. Accordingly, Wheeler's federal sentence began on September 11, 2023—the date it was imposed.[4] Thus, contrary to his assertions, BOP is calculating his time correctly and in accordance with statutory provisions.

Regardless of the above analysis regarding any actual time served, the Court notes Wheeler's state and federal sentences *are* currently running concurrent with one another, and he is receiving credit for both.

In sum, the BOP is calculating Wheeler's time correctly. Because he waived coming into federal custody, his federal custody time began the day his federal sentence was imposed.

---

[3] The Court is not implying Wheeler "chose" incorrectly here. There are reasons why a person would not want to be taken officially into federal custody.

[4] For reasons not clear to the Court, it appears the BOP is actually giving Wheeler credit from February 21, 2023, instead of September 11, 2023. Dkt. 200, at 7.

MEMORANDUM DECISION AND ORDER - 3

## IV. ORDER

The Court HEREBY ORDERS:

1. Wheeler's Motion to Clarify (Dkt. 200) is GRANTED to the extent the Court has explained how his sentence is being calculated. It is DENIED to the extent the Court will not alter or amend BOP's calculations.

DATED: March 20, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4